# Exhibit A

| Attorney(s) | ROSS FELLER CASEY, LLP |
|---|---|
| Office Address | 1650 Market Street |
| | Suite 3450 |
| Town, State, Zip Code | Philadelphia, PA 19103 |
| Telephone Number | (215) 574-2000 |
| Attorney(s) for Plaintiff | Robert Ross/Roberta Golden |

ASHLIE WHITE

Plaintiff(s)

Vs.

ROSALIA E. HYATT, M.D., ET AL

Defendant(s)

**Superior Court of New Jersey**

| Camden | COUNTY |
|---|---|
| Law | DIVISION |

Docket No: L-3655-11

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

   If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Jennifer M. Perez,
Acting Clerk of the Superior Court

DATED:   07/27/2011

Name of Defendant to Be Served:   Camcare Health Corporation

Address of Defendant to Be Served:   817 Federal Street, Camden, NJ 08103

NOTE: The Case Information Statement is available at www.njcourts.com.

**ROSS FELLER CASEY, LLP**
By:    ROBERT ROSS, ESQUIRE
         ROBERTA GOLDEN, ESQUIRE
One Liberty Place - Suite 3450
1650 Market Street
Philadelphia, PA 19103
215-574-2000

RECEIVED

11 JUL 27 PM 12: 14

Attorneys for Plaintiff
SUPERIOR COURT/LAW DIVISION

| | |
|---|---|
| **ASHLIE WHITE**<br>1008B Central Avenue<br>Camden, New Jersey 08104 | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY |
| Plaintiff | DOCKET NO.   L-3655-11 |
| v. | |
| **ROSALIA E. HYATT, M.D.**<br>% Riddle Ob/Gyn Associates<br>1098 West Baltimore Pike<br>Media, Pennsylvania 19063<br>            and/or<br>% Cooper Health System a/k/a and/or d/b/a<br>Cooper University Hospital and/or Cooper Medical<br>Center<br>One Cooper Plaza<br>Camden, New Jersey 08103<br>            and/or<br>% Cooper Health System a/k/a and/or d/b/a<br>Cooper University Physicians<br>Three Cooper Plaza<br>Suite 215<br>Camden, New Jersey 08103<br>            and/or<br>% Camcare Health Corporation a/k/a and/or d/b/a<br>Cooper Medical Center Ambulatory Care, Inc.<br>817 Federal Street<br>Camden, New Jersey 08103<br>            and<br>**ERIC CHANG, D.O.**<br>% Cooper Health System a/k/a and/or d/b/a<br>Cooper University Hospital and/or Cooper Medical<br>Center<br>One Cooper Plaza<br>Camden, New Jersey 08103<br>            and/or<br>% Cooper Health System a/k/a and/or d/b/a | **CIVIL ACTION COMPLAINT**<br>    **MEDICAL MALPRACTICE**<br><br>**JURY TRIAL DEMANDED** |

Cooper University Physicians                            :
Three Cooper Plaza                                     :
Suite 215                                              :
Camden, New Jersey 08103                               :
      and/or                                        :
% Camcare Health Corporation a/k/a and/or d/b/a       :
Cooper Medical Center Ambulatory Care, Inc.            :
817 Federal Street                                    :
Camden, New Jersey 08103                               :
      and                                           :

**LUCIE MORAVIA, D.O.**                                :
% Cooper Health System a/k/a and/or d/b/a             :
Cooper University Hospital and/or Cooper Medical      :
Center                                                :
One Cooper Plaza                                      :
Camden, New Jersey 08103                              :
      and/or                                        :
% Cooper Health System a/k/a and/or d/b/a             :
Cooper University Physicians                           :
Three Cooper Plaza                                     :
Suite 215                                             :
Camden, New Jersey 08103                              :
      and                                           :

**ADRIENNE LIGOURI, M.D.**                            :
% Cooper Health System a/k/a and/or d/b/a             :
Cooper University Hospital and/or Cooper Medical      :
Center                                                :
One Cooper Plaza                                      :
Camden, New Jersey 08103                              :
      and/or                                        :
% Cooper Health System a/k/a and/or d/b/a             :
Cooper University Physicians                           :
Three Cooper Plaza                                     :
Suite 215                                             :
Camden, New Jersey 08103                              :
      and                                           :

**LAHAINA HALL, M.D.**                                :
% Cooper Health System a/k/a and/or d/b/a             :
Cooper University Hospital and/or Cooper Medical      :
Center                                                :
One Cooper Plaza                                      :
Camden, New Jersey 08103                              :
      and/or                                        :
% Cooper Health System a/k/a and/or d/b/a             :
Cooper University Physicians                           :

Three Cooper Plaza                            :
Suite 215                                       :
Camden, New Jersey 08103            :
           and                       :

**BRYAN JOHNSON, M.D.** :
% Cooper Health System a/k/a and/or d/b/a :
Cooper University Hospital and/or Cooper Medical :
Center
One Cooper Plaza :
Camden, New Jersey 08103 :
     and/or :
% Cooper Health System a/k/a and/or d/b/a :
Cooper University Physicians :
Three Cooper Plaza :
Suite 215 :
Camden, New Jersey 08103 :
     and :

**CARY L. LUBKIN, M.D.** :
% Cooper Health System a/k/a and/or d/b/a :
Cooper University Hospital and/or Cooper Medical :
Center
One Cooper Plaza :
Camden, New Jersey 08103 :
     and/or :
% Cooper Health System a/k/a and/or d/b/a :
Cooper University Physicians :
Three Cooper Plaza :
Suite 215 :
Camden, New Jersey 08103 :
     and :

**MICHAEL A. KIRCHHOFF, M.D.** :
% Cooper Health System a/k/a and/or d/b/a :
Cooper University Hospital and/or Cooper Medical :
Center
One Cooper Plaza :
Camden, New Jersey 08103 :
     and/or :
% Cooper Health System a/k/a and/or d/b/a :
Cooper University Physicians :
Three Cooper Plaza :
Suite 215 :
Camden, New Jersey 08103 :
     and :

**PHYSICIAN JOHN DOE 1** :
% Cooper Health System a/k/a and/or d/b/a :

3

Cooper University Hospital and/or Cooper Medical  :
Center  :
One Cooper Plaza  :
Camden, New Jersey 08103  :
        and/or  :
% Cooper Health System a/k/a and/or d/b/a  :
Cooper University Physicians  :
Three Cooper Plaza  :
Suite 215  :
Camden, New Jersey 08103  :
        and  :
**PHYSICIAN JOHN DOE 2**  :
% Cooper Health System a/k/a and/or d/b/a  :
Cooper University Hospital and/or Cooper Medical  :
Center  :
One Cooper Plaza  :
Camden, New Jersey 08103  :
        and/or  :
% Cooper Health System a/k/a and/or d/b/a  :
Cooper University Physicians  :
Three Cooper Plaza  :
Suite 215  :
Camden, New Jersey 08103  :
        and  :
**CAMCARE HEALTH CORPORATION a/k/a**  :
**and/or d/b/a COOPER MEDICAL CENTER**  :
**AMBULATORY CARE, INC.**  :
817 Federal Street  :
Camden, New Jersey 08103  :
        and/or  :
2610 Federal Street  :
Camden, New Jersey 08103  :
        and/or  :
6th and Erie Streets  :
Camden, New Jersey 08102  :
        and/or  :
8th and (Van Hook) Carl Miller Blvd.  :
Camden, New Jersey 08103  :
        and/or  :

1820 Van Buren Street  :
1st Floor  :
Camden, New Jersey 08102  :
        and/or  :

4

**TEAM HEALTH, INC.**                                :
265 Brookview Centre Way                         :
Suite 400                                        :
Knoxville, TN 37919                              :
     and/or                :
190 North Evergreen Avenue                       :
Woodbury, New Jersey 08096                       :
     and                   :
**EMERGENCY PHYSICIAN ASSOCIATES,**              :
**INC.**                                         :
307 South Evergreen Avenue                       :
Woodbury, New Jersey 08096                       :
     and                   :
**EMERGENCY PHYSICIAN ASSOCIATES**              :
**OF NEW JERSEY, P.A.**                          :
265 Brookview Centre Way                         :
Suite 400                                        :
Knoxville, TN 37919                              :
     and                   :
**EMERGENCY PHYSICIAN ASSOCIATES**              :
**OF SOUTH JERSEY, P.C.**                        :
265 Brookview Centre Way                         :
Suite 400                                        :
ATTN Legal Dept.                                 :
Knoxville, TN 37919                              :
     and                   :
**ROBERT SIDWA, D.O.**                           :
c/o Underwood Memorial Hospital and/or           :
Underwood Memorial Health System, Inc., and/or   :
Underwood Memorial Hospital Foundation           :
509 North Broad St.                              :
Woodbury, NJ 08096                               :
     and/or                :
c/o TeamHealth and/or TeamHealth, Inc.           :
265 Brookview Centre Way                         :
Suite 400                                        :
Knoxville, TN 37919                              :
     and/or                :
190 North Evergreen Avenue                       :
Woodbury, New Jersey 08096                       :
     and/or                :
c/o Emergency Physician Associates, Inc.         :
307 South Evergreen Avenue                       :
Woodbury, New Jersey 08096                       :
     and/or                :

6

c/o Emergency Physician Associates of N.J., P.A.  :
and/or Emergency Physicians of South Jersey, P.C.  :
265 Brookview Centre Way                          :
Suite 400                                         :
Knoxville, TN 37919                               :
       and                                        :
**PHYSICIANS JOHN and JANE DOE 3-12**             :
**and 13-20**                                     :
(Said Names Being Fictitious)                     :
       and                                        :
**NURSES JOHN and JANE DOE 1-10**                 :
**and 11-20**                                     :
(Said Names Being Fictitious)                     :
       and                                        :
**PHYSICIAN ASSISTANTS JOHN and**                 :
**JANE DOE 1-10 and 11-20**                       :
(Said Names Being Fictitious)                     :
       and                                        :
**NURSE PRACTITIONERS JOHN and**                  :
**JANE DOE 1-10**                                 :
(Said Names Being Fictitious)                     :
       and                                        :
**JOHN and JANE DOE PROFESSIONAL**                :
**CORPORATIONS 1-10 and 11-20**                   :
(Said Names Being Fictitious)                     :
                                                  :
      Defendants                             :

---

### AMENDED CIVIL ACTION COMPLAINT
### AND DEMAND FOR JURY TRIAL

     Plaintiff Ashlie White, being a citizen and resident of the State of New Jersey, residing

therein at 1008B Central Avenue, Camden, New Jersey 07928, by and through her undersigned

counsel, complains of the defendants as follows:

### PARTIES

    1.    Plaintiff Ashlie White is a citizen and resident of the State of New Jersey, residing

at 1008B Central Avenue, Camden, New Jersey 08104.

    2.    Plaintiff Ashlie White is the mother of two minor children:

7

    a.      Nevae Grandison (date of birth 08/04/2007) and

    b.      Sateva Grandison (date of birth 07/21/2009).

3.      Defendant Rosalia E. Hyatt, M.D. ("Dr. Hyatt") is a licensed and practicing physician of the State of New Jersey and/or the Commonwealth of Pennsylvania with offices located at Riddle Ob/Gyn Associates, 1098 West Baltimore Pike, Media, Pennsylvania 19063 and/or Camcare Health Corporation a/k/a and/or d/b/a Cooper Medical Center Ambulatory Care, Inc., 817 Federal Street, Camden, New Jersey 08103 and/or Cooper Health System a/k/a and/or d/b/a Cooper University Hospital and/or Cooper Medical Center, One Cooper Plaza, Camden, New Jersey 08103 and/or Cooper University Hospital a/k/a and/or d/b/a Cooper University Physicians, Three Cooper Plaza, Suite 215, Camden, New Jersey 08103, holding herself out to the public as a specialist in the field of obstetrics and gynecology.  As such, defendant Dr. Hyatt is and was held to a higher standard of care than a general practitioner within her chosen specialty.

4.      Defendant Eric Chang, D.O. ("Dr. Chang") is a licensed and practicing physician of the State of New Jersey with offices located at Camcare Health Corporation, 817 Federal Street, Camden, New Jersey 08103, and/or Cooper Health System a/k/a and/or d/b/a Cooper University Hospital and/or Cooper Medical Center, One Cooper Plaza, Camden, New Jersey 08103 and/or Cooper University Hospital a/k/a and/or d/b/a Cooper University Physicians, Three Cooper Plaza, Suite 215, Camden, New Jersey 08103, holding himself out to the public as a specialist in the field of obstetrics and gynecology.  As such, defendant Dr. Chang is and was held to a higher standard of care than a general practitioner within his chosen specialty.

5.      Defendant Lucie Moravia, D.O. ("Dr. Moravia") is a licensed and practicing physician and/or graduate medical trainee (intern, resident or fellow) of the State of New Jersey with offices located at Cooper Health System a/k/a and/or d/b/a Cooper University Hospital and/or

Cooper Medical Center, One Cooper Plaza, Camden, New Jersey 08103 and/or Cooper University Hospital a/k/a and/or d/b/a Cooper University Physicians, Three Cooper Plaza, Suite 215, Camden, New Jersey 08103, holding herself out to the public as a specialist in the field of obstetrics and gynecology. As such, defendant Dr. Moravia is and was held to a higher standard of care than a general practitioner within her chosen specialty.

6.      Defendant Adrienne Ligouri, M.D. ("Dr. Ligouri") is a licensed and practicing physician and/or graduate medical trainee (intern, resident or fellow) of the State of New Jersey with offices located at Cooper Health System a/k/a and/or d/b/a Cooper University Hospital and/or Cooper Medical Center, One Cooper Plaza, Camden, New Jersey 08103 and/or Cooper University Hospital a/k/a and/or d/b/a Cooper University Physicians, Three Cooper Plaza, Suite 215, Camden, New Jersey 08103, holding herself out to the public as a specialist in the field of obstetrics and gynecology. As such, defendant Dr. Ligouri is and was held to a higher standard of care than a general practitioner within her chosen specialty.

7.      Defendant Lahaina Hall, M.D. ("Dr. Hall") is a licensed and practicing physician and/or graduate medical trainee (intern, resident or fellow) of the State of New Jersey with offices located at Cooper Health System a/k/a and/or d/b/a Cooper University Hospital and/or Cooper Medical Center, One Cooper Plaza, Camden, New Jersey 08103 and/or Cooper University Hospital a/k/a and/or d/b/a Cooper University Physicians, Three Cooper Plaza, Suite 215, Camden, New Jersey 08103, holding herself out to the public as a specialist in the field of obstetrics and gynecology. As such, defendant Dr. Hall is and was held to a higher standard of care than a general practitioner within her chosen specialty.

8.      Defendant Bryan Johnson, M.D. ("Dr. Johnson") is a licensed and practicing physician and/or graduate medical trainee (intern, resident or fellow) of the State of New Jersey with

9

offices located at Cooper Health System a/k/a and/or d/b/a Cooper University Hospital and/or Cooper Medical Center, One Cooper Plaza, Camden, New Jersey 08103 and/or Cooper University Hospital a/k/a and/or d/b/a Cooper University Physicians, Three Cooper Plaza, Suite 215, Camden, New Jersey 08103, holding himself out to the public as a specialist in the field of general surgery. As such, defendant Dr. Johnson is and was held to a higher standard of care than a general practitioner within his chosen specialty.

9.     Defendant Cary L. Lubkin, M.D. ("Dr. Lubkin") is a licensed and practicing physician of the State of New Jersey with offices located at Cooper Health System a/k/a and/or d/b/a Cooper University Hospital and/or Cooper Medical Center, One Cooper Plaza, Camden, New Jersey 08103 and/or Cooper University Hospital a/k/a and/or d/b/a Cooper University Physicians, Three Cooper Plaza, Suite 215, Camden, New Jersey 08103, holding himself out to the public as a specialist in the field of emergency medicine. As such, defendant Dr. Lubkin is and was held to a higher standard of care than a general practitioner within his chosen specialty.

10.     Defendant Michael A. Kirchhoff, M.D. ("Dr. Kirchhoff") is a licensed and practicing physician of the State of New Jersey with offices located at Cooper Health System a/k/a and/or d/b/a Cooper University Hospital and/or Cooper Medical Center, One Cooper Plaza, Camden, New Jersey 08103 and/or Cooper University Hospital a/k/a and/or d/b/a Cooper University Physicians, Three Cooper Plaza, Suite 215, Camden, New Jersey 08103, holding himself out to the public as a specialist in the field of emergency medicine. As such, defendant Dr. Kirchhoff is and was held to a higher standard of care than a general practitioner within his chosen specialty.

11.     Defendant General Surgery Attending ("Dr. John Doe 1") is a licensed and practicing physician of the State of New Jersey with offices located at Cooper Health System a/k/a and/or d/b/a Cooper University Hospital and/or Cooper Medical Center, One Cooper Plaza, Camden, New Jersey

10

08103 and/or Cooper University Hospital a/k/a and/or d/b/a Cooper University Physicians, Three Cooper Plaza, Suite 215, Camden, New Jersey 08103, holding himself out to the public as a specialist in the field of general surgery.  As such, defendant Dr. John Doe 1 is and was held to a higher standard of care than a general practitioner within his chosen specialty.

      12.    Defendant General Surgery Resident ("Dr. John Doe 2") is a licensed and practicing physician and/or graduate medical trainee (intern, resident or fellow) of the State of New Jersey with offices located at Cooper Health System a/k/a and/or d/b/a Cooper University Hospital and/or Cooper Medical Center, One Cooper Plaza, Camden, New Jersey 08103 and/or Cooper University Hospital a/k/a and/or d/b/a Cooper University Physicians, Three Cooper Plaza, Suite 215, Camden, New Jersey 08103, holding himself out to the public as a specialist in the field of general surgery. As such, defendant Dr. John Doe 2 is and was held to a higher standard of care than a general practitioner within his chosen specialty.

      13.    Defendant Camcare Health Corporation a/k/a and/or d/b/a Cooper Medical Center Ambulatory Care, Inc. ("Camcare") is a corporation, joint venture, business association or other jural entity organized and existing under the laws of the State of New Jersey and maintains and/or operates a general medical facility and/or a medical practice with its principal place of business located at 817 Federal Street, Camden, New Jersey 08103 with additional offices at 2610 Federal Street, Camden, New Jersey 08103 and/or 6th and Erie Streets, Camden, New Jersey 08102, 8th and (Van Hook) Carl Miller Blvd., Camden, New Jersey 08103, 1820 Van Buren Street, 1st Floor, Camden, New Jersey 08104 and/or 813 Ferry Avenue, Camden, New Jersey 08104 and/or 1315 North Delaware Avenue, Paulsboro, New Jersey 08066 and/or 121 White Horse Pike, Clementon, New Jersey 08021.

14.     Defendant Cooper Health System a/k/a and/or d/b/a Cooper University Hospital and/or Cooper Medical Center ("Cooper Hospital") is a corporation, joint venture, business association or other jural entity organized and existing under the laws of the State of New Jersey and maintains and/or operates a general medical facility and/or a medical practice with its principal place of business located at One Cooper Plaza, Camden, New Jersey 08103.

15.     Defendant Cooper Health System a/k/a and/or d/b/a Cooper University Physicians ("Cooper Physicians") is a corporation, joint venture, business association or other jural entity organized and existing under the laws of the State of New Jersey and maintains and/or operates a general medical facility and/or a medical practice with its principal place of business located at Three Cooper Plaza, Suite 215, Camden, New Jersey 08103.

16.     Defendants Drs. Hyatt, Chang, Moravia, Ligouri, Hall, Johnson, Lubkin, Kirchhoff, John Doe 1, John Doe 2, Camcare, Cooper Hospital, Cooper Physicians, Physicians John and Jane Doe 3-12, Nurses John and Jane Doe 1-10, Physician Assistants John and Jane Doe 1-10, and Professional Corporations John and Jane Doe 1-10, shall be referred to hereafter collectively as the "Cooper Defendants."

17.     At all relevant times hereto, the Cooper Defendants employed as their actual, apparent, or ostensible agents health care providers, including Drs. Hyatt, Chang, Moravia, Ligouri, Hall, Johnson, Lubkin, Kirchhoff, John Doe 1, John Doe 2, and Physicians John and Jane Doe 3-12, Nurses John and Jane Doe 1-10, Physician Assistants John and Jane Doe 1-10, and Professional Corporations John and Jane Doe 1-10, for whose negligent acts and omissions the Cooper Defendants are liable, under theories of *respondeat superior*, agency, master-servant, and right of control.

18.     At all times relevant hereto, Cooper Hospital had legal responsibility for the negligent failure to act in accordance with the hospital's non-delegable corporate duties to its patients, including plaintiff.

19.     Underwood Memorial Hospital is a corporation, joint venture, business association or other jural entity organized and existing under the laws of the State of New Jersey and maintains and/or operates a general medical facility and/or a medical practice with its principal place of business located at 509 North Broad St., Woodbury, NJ 08096

20.     Underwood Memorial Health System, Inc., is a corporation, joint venture, business association or other jural entity organized and existing under the laws of the State of New Jersey and maintains and/or operates a general medical facility and/or a medical practice with its principal place of business located at 509 North Broad St., Woodbury, NJ 08096.

21.     Underwood Memorial Hospital Foundation, Inc., is a corporation, joint venture, business association or other jural entity organized and existing under the laws of the State of New Jersey and maintains and/or operates a general medical facility and/or a medical practice with its principal place of business located at 509 North Broad St., Woodbury, NJ 08096.

22.     Underwood Memorial Hospital, Underwood Memorial Health System, Inc., and Underwood Memorial Hospital Foundation, Inc., shall be referred to collectively as the "Underwood Defendants."

23.     Defendant TeamHealth is a partnership, corporation or other legal entity, organized and existing under the laws of the State of Tennessee, with its principal place of business located at 265 Brookview Centre Way, Suite 400, Knoxville, Tennessee 37919 and/or 190 North Evergreen Avenue, Woodbury, New Jersey 08096, and at all relevant times was engaged in the provision of

13

medical care and services to the public, including, on information and belief, Ashlie White, at Underwood Memorial Hospital.

24.     Defendant Team Health, Inc. is a partnership, corporation or other legal entity, organized and existing under the laws of the State of Tennessee, with its principal place of business located at 265 Brookview Centre Way, Suite 400, Knoxville, Tennessee 37919 and/or 190 North Evergreen Avenue, Woodbury, New Jersey 08096, and at all relevant times was engaged in the provision of medical care and services to the public, including, on information and belief, Ashlie White, at Underwood Memorial Hospital.

25.     Defendants TeamHealth and Team Health, Inc., will be referred to collectively as "TeamHealth."

26.     Emergency Physician Associates, Inc., is a partnership, corporation or other legal entity, organized and existing under the laws of the State of New Jersey with its principal place of business located at 307 South Evergreen Avenue, Woodbury, New Jersey 08096.

27.     Emergency Physician Associates of New Jersey, P.A., is a partnership, corporation or other legal entity, organized and existing under the laws of the State of Tennessee, with its principal place of business located at 265 Brookview Centre Way, Suite 400, Knoxville, TN 37919.

28.     Emergency Physician Associates of South Jersey, P.C., is a partnership, corporation or other legal entity, organized and existing under the laws of the State of Tennessee, with its principal place of business located at 265 Brookview Centre Way, Suite 400, Knoxville, TN 37919.

29.     Emergency Physician Associates, Inc., Emergency Physician Associates of New Jersey, P.A., and Emergency Physician Associates of South Jersey, P.C., shall be referred to collectively as "Emergency Physician Associates."

14

30.     Defendant Robert M. Sidwa, D.O., is a licensed and practicing physician of the State of New Jersey with offices located at Underwood-Memorial Health System, Inc., and/or Underwood Memorial Hospital Foundation, Inc., and/or Underwood Memorial Hospital, 509 North Broad Street, Woodbury, NJ 08096, holding himself out to the public as a specialist in the field of emergency medicine.  As such, defendant Dr. Sidwa is and was held to a higher standard of care than a general practitioner within his chosen specialty.

31.     Upon information and belief, Dr. Sidwa was, at all times relevant to this action, employed by the Underwood Defendants, and/or TeamHealth, and/or Emergency Physician Associates.

32.     At all relevant times hereto, the Underwood Defendants, TeamHealth, and/or Emergency Physician Associates employed as their actual, apparent, or ostensible agents health care providers, including Dr. Sidwa, Physicians John and Jane Doe 13-20, Nurses John and Jane Doe 11-20, Physician Assistants John and Jane Doe 11-20, and Professional Corporations John and Jane Doe 11-20, for whose negligent acts and omissions the Underwood Defendants are liable, under theories of *respondeat superior*, agency, master-servant, and right of control.

33.     At all times relevant hereto, Underwood Hospital had legal responsibility for the negligent failure to act in accordance with the hospital's non-delegable corporate duties to its patients, including plaintiff.

34.     Defendant Physicians John and Jane Doe 3-12 and 13-20  (said names being fictitious, and the actual names of whom are unknown to plaintiff and/or indecipherable from the medical record) are duly licensed physicians, whose specializations, if any, are unknown to plaintiff, who participated in medical care and treatment of plaintiff Ashlie White at Camcare and/or Cooper Hospital and/or Underwood Memorial Hospital during the period 2006 through June 2009, inclusive.

15

At such time as plaintiff learns the true identity of defendant Physicians John and Jane Doe 3-12 and/or 13-20, this Complaint will be amended to reflect same. Said defendants were required to render care and treatment to Ashlie White in accordance with the accepted standards of medical care.

35.     Defendant Nurses John and Jane Doe 1-10 and 11-20 (said names being fictitious, and the actual names of whom are unknown to plaintiff and/or indecipherable from the medical record) are duly licensed nurses who participated in medical care and treatment of plaintiff Ashlie White at Camcare and/or Cooper Hospital and/or Underwood Memorial Hospital during the period 2006 through June 2009, inclusive. At such time as plaintiff learns the true identity of defendant Nurses John and Jane Doe 1-10 and 11-20, this Complaint will be amended to reflect same. Said defendants were required to render care and treatment to Ashlie White in accordance with the accepted standards of medical care.

36.     Defendant Physician Assistants John and Jane Doe 1-10 and 11-20 (said names being fictitious, and the actual names of whom are unknown to plaintiff and/or indecipherable from the medical record) are duly licensed physician assistants, whose specializations, if any, are unknown to plaintiff, who participated in medical care and treatment of plaintiff Ashlie White at Camcare and/or Cooper Hospital and/or Underwood Memorial Hospital during the period 2006 through June 2009, inclusive. At such time as plaintiff learns the true identity of defendant Physician Assistants John and Jane Doe 1-10 and 11-20, this Complaint will be amended to reflect same. Said defendants were required to render care and treatment to Ashlie White in accordance with the accepted standards of medical care.

37.     Defendant Nurse Practitioners John and Jane Doe 1-10 and 11-20(said names being fictitious, and the actual names of whom are unknown to plaintiff and/or indecipherable from the

medical record) are duly licensed nurses who participated in medical care and treatment of plaintiff Ashlie White at Camcare and/or Cooper Hospital and/or Underwood Memorial Hospital during the period 2006 through June 2009, inclusive.  At such time as plaintiff learns the true identity of defendant Nurse Practitioners John and Jane Doe 1-10 and 11-20, this Complaint will be amended to reflect same.   Said defendants were required to render care and treatment to Ashlie White in accordance with the accepted standards of medical care.

38.     Defendants Professional Corporations John and Jane Doe 1-10 and 11-20 (said names being fictitious, and the actual names of which are unknown to plaintiff) are professional corporations that employed the physicians, nurses, nurse practitioners, physician assistants, and/or other medical personnel who participated in the medical care and treatment of plaintiff Ashlie White at Camcare and/or Cooper Hospital and/or Underwood Memorial Hospital during the period 2006 through January 2009, inclusive.  At such time as plaintiff learns the true identity of defendant Professional Corporations John and Jane Doe 1-10 and 11 -20, this Complaint will be amended to reflect same. Said defendants were required to render care and treatment to Ashlie White in accordance with the accepted standards of medical care.

39.     At all times relevant hereto, all defendants acted by and through their actual, apparent, and/or ostensible agents; some or all of defendants may have been agents of each other.

## OPERATIVE FACTS

40.     On July 31, 2006, at or about 16:25 hours, Ashlie White presented to the Cooper Hospital emergency department with a complaint of abdominal pain and she was found to have physical examination findings of "[d]iffuse abd tenderness esp in LLQ" and "guarding LLQ."  She was evaluated by defendant emergency medicine physician Cary L. Lubkin, M.D.

41.     On August 7, 2006, at or about 23:10 hours, Ashlie White presented to the Cooper Hospital emergency department with a chief complaint of "ABD PAIN RECTAL BLEED." Her chief complaint was further characterized by defendant emergency medicine physician Dr. Kirchhoff as "c/o lower Abd pain - (L)." She was found to have hemoccult positive testing.

42.     On November 30, 2008, Ashlie White presented to the Emergency Department at Underwood Memorial Hospital with, upon information and belief, complaints of abdominal pain. At or about 17:08 hours, Ashlie White underwent an obstetrical ultrasound due to a history of abdominal pain and a positive pregnancy test.  This test was ordered by emergency medicine physician Robert M. Sidwa, D.O., as was interpreted by Robert Sheiman, M.D. as revealing a single live intrauterine pregnancy at a gestational age of 5 weeks and 3 days.

43.     On January 14, 2009, Ashlie White was seen in the outpatient Camcare office of defendant obstetrician-gynecologist Dr. Hyatt.  Dr. Hyatt documented a chief complaint of "pregnancy test (+) c/o - pelvic pain.  Denies dysuria - pos IUP per sono @ Underwood."  In addition, Dr. Hyatt documented physical examination findings of "abd - rigid - tender (+) rebound." Finally, Dr. Hyatt documented an assessment of "r/o UTI, ruptured cyst" and a plan to "admit hyperemesis, Cooper."

44.     On January 15, 2009, defendant Dr. Hyatt documented in the Progress Notes her assessment "R/O obst." and she indicated that her plan included an "Obst. series."

45.     On January 15, 2009, at or about 12:58 hours, defendant Dr. Moravia ordered an obstruction series.

46.     On January 15, 2009, at or about 13:30 hours, a radiology note was entered into the Progress Notes, indicating "obstruction series completed."

47.     On January 15, 2009, at or about 14:48 hours, the obstruction series was interpreted to show "no evidence of obstruction."

48.     On January 16, 2009, defendant Dr. Hyatt documented in the Progress Notes "Pain persists [with] n & v - now diffuse.  No improvement. O - Abd - distended & tender. ↓b.s."  In addition, defendant Dr. Hyatt documented "[s]ince pt shows no improvement with present regimen - will w/u further [with] RUQ sono - R/O cholecystitis & consult to gen. surg. - R/O intermittent obst. or appendicitis."

49.     On January 16, 2009, at or about 11:46 hours, defendant Dr. Hall ordered a right upper quadrant abdominal ultrasound.

50.     On January 16, 2009, at or about 19:39 hours, defendant Dr. Johnson ordered a right upper quadrant abdominal ultrasound.

51.     On January 16, 2009, at or about 21:14 hours, defendant Dr. Johnson ordered a pelvic ultrasound.

52.     On January 16, 2009, at or about 22:30 hours, the abdominal and pelvic ultrasound findings were reported as revealing "cholelithiasis without evidence of cholecystitis" and a "[v]iable gravid uterus."  Also, it was noted that the appendix was not visualized.

53.     On January 16, 2009, Ms. White required seven intravenous doses of 0.5 mg hydromorphone (Dilaudid ®) for the treatment of abdominal pain.

54.     On January 17, 2009, at or about 00:46 hours, the "R2 Note" documented that "Pt c/o Abd pain - same as before LLQ.  On exam, distended, soft, tender > LLQ.  D/W Surg Resident. Will give 0.5 mg IVP of Dilaudid . . ."

55.     On January 17, 2009, at or about 15:15 hours, Ms. White's complete blood cell counts revealed that she was anemic with a hemaglobin of 9.9 gm/dL and a hematocrit of 29.2 percent.

56.     On January 17, 2009, Ms. White required three intravenous doses of 1 mg hydromorphone, two intravenous doses of 2 mg hydromorphone and one intravenous dose of 0.5 mg hydromorphone for the treatment of abdominal pain.

57.     On January 18, 2009, the "Surg Attg" note documented "Abd soft, [illegible], dissusely tender, most in LLQ."

58.     On January 18, 2009, at or about 15:00 hours, an abdominal x-ray was ordered by defendant Dr. Ligouri to evaluate abdominal pain. This study was interpreted by Jason Solomon, M.D. as revealing "no evidence of small bowel obstruction or ileus."

59.     On January 18, 2009, Ms. White required one intravenous dose of 2 mg hydromorphone and four intravenous doses of 1 mg hydromorphone for the treatment of abdominal pain.

60.     On January 19, 2009, at or about 05:25 hours, Ms. White's complete blood cell counts revealed that her anemia had worsened with a hemaglobin of 8.9 gm/dL and a hematocrit of 27.0 percent.

61.     On January 19, 2009, at or about 09:00 hours, the general surgery Progress Note documented "left lower quadrant tenderness."

62.     On January 19, 2009, the "Surg Attg" Progress Note documented "will sign off please reconsult prn."

63.     On January 19, 2009, Ms. White required three intravenous doses of 2 mg hydromorphone, two oral doses of 2 mg hydromorphone and one oral dose of 5 mg oxycodone (Percocet ®) for the treatment of abdominal pain.

64.     On January 20, 2009, defendant Dr. Moravia discharged Ms. White from Cooper Hospital.

65.     The Discharge Summary documented that "General Surgery was consulted secondary to unknown etiology of the pain. At this time, they recommended CT of the abdomen." In addition, the discharge diagnoses included "Abdominal pain, unclear etiology." The Discharge Summary was dictated by defendant Dr. Moravia on March 25, 2009 and was electronically signed by defendant Dr. Chang on April 29, 2009.)

66.     On February 18, 2009, Ashlie White was seen in the outpatient Camcare office of defendant Dr. Hyatt who documented that Ms. White had abdominal pain and tenderness for which she prescribed acetaminophen with codeine (Tylenol 3 ®).

67.     On March 9, 2009, Ms. White transferred her prenatal care from Camcare to the Underwood Memorial Hospital Prenatal Care Program as documented in the Underwood Memorial Hospital Prenatal Care Program Prenatal Flow Record that stated "transfer from CamCare record release signed."

68.     On July 21, 2009, at or about 02:20 hours, Ashlie White presented to Underwood Memorial Hospital with spontaneous rupture of membranes.

69.     On July 21, 2009, at or about 03:37 hours, Ms. White's complete blood cell counts revealed anemia with a hemoglobin of 8.4 gm/dL and a hematocrit of 25.4 percent.

70.     On July 21, 2009, at or about 09:57 hours, Ms. White delivered her second child.

71.    On July 22, 2009, at or about 06:02 hours, Ms. White's complete blood cell counts revealed anemia with a hemoglobin of 7.3 gm/dL and a hematocrit of 22.3 percent.

72.    On July 23, 2009, at or about 13:00 hours, Ms. White and her newborn baby were discharged from Underwood Memorial Hospital.

73.    On or about July 26, 2009, Ashlie White presented to Underwood Memorial Hospital with complaints of abdominal pain and fever. Her complete blood cell count revealed a leukocytosis and an abdominal and pelvic CT scan revealed a large pelvic mass.

74.    On July 29, 2009, Ms. White was taken to the operating room. As documented by the Operative Report, Ms. White's preoperative diagnosis was pelvic hematoma and/or abscess. Ms. White underwent an exploratory laparotomy with drainage of multiple abscesses, enterolysis, sigmoid colectomy, right colectomy with ileal transverse colostomy, Hartmann colostomy, and Pulsavac lavage of the abdominal cavity and abscess cavities. Ms. White was found to have pelvic abscesses and interloop abscesses secondary to a perforated rectosigmoid colon mass with adjacent perforation of the distal jejunum.

75.    On July 31, 2009, at or about 13:50 hours, Richard Zitwer, M.D. reviewed the surgical pathology and diagnosed Ms. White with "primary colonic invasive adenocarcinoma" and pathological stage "pT4, pNX, pMX, R2."

76.    On August 4, 2009, an MRI of the liver was performed with and without contrast which was interpreted as revealing a "[m]ass in the right lobe of the liver concerning for metastatic disease."

77.    On September 15, 2009, Ashlie White underwent placement of an Infusaport into the right subclavian vein in order to undergo chemotherapy treatments.

78.     On December 8, 2009, Ms. White was documented as requiring "MS Contin 60 mg every 12 hours and oxycodone 15 mg every 3-4 hours PRN pain" for the control of her abdominal pain.

79.     As documented on his office note of March 2, 2010, oncologist Richard Gordon, D.O., noted that Ms. White suffered from "chemotherapy related toxicity" which necessitated a "chemotherapy break." He noted that "[h]er appetite is improved and her weight is up to 110."

80.     As documented on his office note of March 2, 2010, Dr. Gordon noted that Ms. White suffered from pelvic pain for which she required oxycodone three to four times a day.

81.     Ashlie White was rendered medical care and management by defendants, their agents, servants and employees, who agreed to exercise the degree of specialized care and skill in their diagnosis and treatment as is expected of persons in their professional standing.

82.     At all relevant times hereto, Ashlie White had clear physical symptoms and findings of persistent abdominal pain and anemia both of unknown etiology and she had physical symptoms and findings of intermittent rectal bleeding of unknown etiology yet defendants in violation of the standard of care failed to diagnose her condition and delayed in the performance of necessary work up and treatment of her condition, which allowed her condition to worsen and progress beyond a point where correct diagnosis and treatment would have saved her from severe injuries, untreatable colon cancer, continued abdominal and pelvic pain, back pain, depression, weight loss, loss of appetite and shortened life expectancy.

83.     Despite the patient's history, complaints, and symptoms, defendants failed to perform proper and necessary examination and evaluation of Ms. White's rectal bleeding, abdominal pain, abdominal tenderness, abdominal guarding and/or anemia.

84.     Despite the patient's history, complaints, and symptoms, defendants failed to appreciate the significance of Ms. White's rectal bleeding, abdominal pain, abdominal tenderness, abdominal guarding and/or anemia.

85.     Despite the patient's history, complaints, and symptoms, defendants failed to order and/or perform proper and necessary abdominal and pelvic imaging studies, stool studies, anemia studies and/or endoscopic evaluations.

86.     Despite the patient's history, complaints, and symptoms, defendants failed to obtain adequate, necessary, appropriate and/or timely consultations or referrals.

87.     Despite the patient's history, complaints, and symptoms, defendants failed to timely consult and refer Ms. White to a primary care physician, gastroenterologist and/or hematologist/oncologist for work up and evaluation of her complaints and symptoms.

88.     Upon information and belief, Ms. White had other Emergency Department presentations at Cooper Hospital and Underwood Memorial Hospital during the years 2006 through the end of 2008 during which she presented with abdominal pain and/or rectal bleeding and other signs and symptoms concerning for colon cancer or for gastrointestinal disease requiring work up and diagnosis.

89.     Defendants' failure to properly evaluate Ms. White's rectal bleeding, persistent abdominal pain, tenderness and guarding and/or anemia with the ordering and/or performance of or referral for abdominal and pelvic imaging studies, stool studies, and anemia work up was a departure from the accepted standard of care.

90.     Defendants' failure to refer Ms. White to a primary care physician, gastroenterologist and/or hematologist/oncologist specialist for prompt evaluation of rectal bleeding, persistent

abdominal pain, tenderness and guarding and/or anemia was a departure from the accepted standard of care.

91.     Defendants' delay in proper evaluation, management, and treatment increased the risk of harm to Ms. White and was a substantial factor in causing progression of cancer.

92.     As a direct result of the negligence and carelessness of the defendants, jointly and severally, as set forth herein, Ms. White suffered progression of her cancer to the point that it was not amenable to treatment, severe and profound abdominal pain, pelvic pain, rectal bleeding, anemia, weight loss, loss of appetite, and depression.

93.     At all times relevant hereto, Ms. White  had clear physical symptoms and findings of persistent abdominal pain and tenderness and progressive anemia; yet defendants in violation of the standard of care failed to diagnose her condition and delayed in the performance of necessary treatment of her condition, which allowed her condition to worsen and progress beyond a point where correct diagnosis and treatment would have permitted treatment and cure of her cancer and saved her from progression of her colon cancer.

94.     At all times relevant hereto, defendants were negligent in the medical care, management, and treatment of Ashlie White, which directly and proximately increased the risk of harm to her.

95.     The negligent care and treatment rendered by defendants delayed the diagnosis of Ashlie White's condition and delayed the onset of necessary management and treatment for her condition.

96.     Defendants' negligence in the medical care, management, and treatment of Ashlie White directly and proximately caused and/or increased the risk of harm to Ashlie White.

97.     The negligence of all defendants, jointly and severally, caused Ashlie White to suffer significant injuries and damages including, without limitation, the following:

a.      injuries as documented in the medical records and evaluative reports of physicians and other health care professionals including but not limited to advanced and untreatable colon cancer, intractable pain, abdominal tenderness, abdominal guarding, rectal bleeding, anemia, loss of appetite, weight loss, insomnia and depression;

b.      past, present, and future pain and suffering;

c.      past, present, and future medical expenses;

d.      past, present, and future mental anguish;

e.      past, present, and future embarrassment;

f.      past, present, and future disfigurement;

g.      past, present, and future anxiety;

h.      past, present, and future humiliation;

i.      past, present, and future loss of earning capacity; and

j.      past, present, and future loss of life's pleasures.

98.     The injuries to Ashlie White were the direct result of the negligence of the defendants, and were not caused or contributed to by any negligence on the part of plaintiff.

## COUNT I - NEGLIGENCE
### (Plaintiff v. All Defendants)

99.     Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

100.    Defendants owed Plaintiff Ashlie White a duty of care.

101.    Defendants breached the duty of care owed to plaintiff Ashlie White.

102.    The negligent acts and omissions of defendants in their treatment of Ashlie White include, without limitation:

a.    failure to recognize and/or appreciate the clinical significance of rectal bleeding;

b.    failure to recognize and/or appreciate the clinical significance of abdominal pain;

c.    failure to recognize and/or appreciate the clinical significance of abdominal tenderness;

d.    failure to recognize and/or appreciate the clinical significance of abdominal guarding;

e.    failure to recognize and/or appreciate the clinical significance of persistent abdominal pain, tenderness and/or guarding;

f.    failure to recognize and/or appreciate the clinical significance of persistent abdominal pain despite treatment with narcotic analgesics;

g.    failure to recognize and/or appreciate the clinical significance of anemia;

h.    failure to recognize and/or appreciate the clinical significance of progressively worsening anemia;

i.    failure to recognize and/or appreciate the clinical significance of persistent abdominal pain requiring narcotic analgesics and progressively worsening anemia;

j.    failure to obtain an accurate, proper, sufficient and/or timely history;

k.    failure to obtain an accurate, proper, sufficient and/or timely history of Ms. White's rectal bleeding;

l.    failure to obtain an accurate, proper, sufficient and/or timely history of Ms. White's abdominal pain;

m.    failure to obtain an accurate, proper, sufficient and/or timely history of Ms. White's anemia;

n.    failure to order or obtain adequate, sufficient, necessary and/or timely diagnostic studies;

27

o.   failure to order or obtain adequate, sufficient, necessary and/or timely evaluation of rectal bleeding, including but not limited to serial hemoccult stool testing;

p.   failure to order or obtain adequate, sufficient, necessary and/or timely evaluation of rectal bleeding, including but not limited to anoscopy, sigmoidoscopy, or colonoscopy;

q.   failure to order or obtain adequate, sufficient, necessary and/or timely imaging studies of the abdomen and pelvis, including but not limited to the left lower abdominal quadrant;

r.   failure to order or obtain adequate, sufficient, necessary and/or timely CT scan and/or MRI scan of the abdomen and pelvis;

s.   failure to order or obtain adequate, sufficient, necessary and/or timely evaluation of anemia;

t.   failure to order or obtain adequate, sufficient, necessary and/or timely evaluation of rectal bleeding;

u.   failure to order or obtain adequate, sufficient, necessary and/or timely testing for possible gastrointestinal bleeding as a cause of anemia;

v.   failure to order or obtain adequate, sufficient, necessary and/or timely stool testing for occult blood;

w.   failure to order or obtain adequate, sufficient, necessary and/or timely gastrointestinal studies for anemia;

x.   failure to order or obtain adequate, sufficient, necessary and/or timely endoscopic evaluation (anoscopy, sigmoidoscopy and.or colonscopy) for anemia;

y.   failure to order or obtain adequate, sufficient, necessary and/or timely endoscopic evaluation (anoscopy, sigmoidoscopy and.or colonscopy) for abdominal pain;

z.   failure to provide adequate, sufficient, necessary and/or timely therapeutic intervention and management;

aa.  failure to provide adequate, sufficient, necessary and/or timely specialist consultations, including but not limited to gastroenterology and/or hematology/oncology;

bb.  failure to properly monitor the patient;

28

cc.     failure to properly monitor progressive anemia;

dd.     failure to properly monitor for rectal bleeding;

ee.     failure to communicate with the attending/admitting physician, graduate medical trainee (intern, resident or fellow), emergency medicine physician and/or other consultants caring for the patient;

ff.     failure to properly, adequately and/or timely supervise agents, servants and/or employees involved in the evaluation, care, treatment and management of the plaintiff;

gg.     failure to make proper and timely medical decisions for the plaintiff in the face of her clinical signs and symptoms concerning for colon cancer, including rectal bleeding, abdominal pain and/or anemia of unknown etiology;

hh.     failure to conform to the requisite standards of medical care in the diagnosis, treatment and management of rectal bleeding, abdominal pain and/or anemia;

ii.     failure to select and retain only competent physicians;

jj.     failure to oversee all persons who practice medicine within the hospital's walls as to patient care; and

kk.     failure to formulate, adopt, and enforce adequate rules and policies to ensure quality care for the patients.

103.     As a direct and proximate result of the carelessness, recklessness, and negligence of defendants, as well as defendants' failure to adhere to accepted medical and professional standards, plaintiff Ashlie White suffered the painful and permanent injuries more fully set forth above and will die from her disease.

104.     As a direct and proximate result of the carelessness, recklessness, and negligence of defendants, as well as defendants' failure to adhere to accepted medical and professional standards, plaintiff Ashlie White incurred, and will in the future incur, the damages more fully set forth above.

**WHEREFORE,** plaintiff demands judgment against defendants, individually and jointly and severally for damages in excess of local arbitration limits, interest thereon, cost of suit and such other and further relief as the Court may deem equitable and just.

## COUNT II - VICARIOUS LIABILITY
**(Plaintiff v. The Cooper Defendants, the Underwood Defendants, TeamHealth, Emergency Physician Associates, and Professional Corporations John and Jane Doe 1-10 and 11-20)**

105.    Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

106.    The Cooper Defendants, Underwood Defendants, TeamHealth, Emergency Physician Associates, and/or Professional Corporations John and Jane Doe 1-10 and 11-20 is/are responsible for the negligent and careless acts of its/their agents, servants, employees, and ostensible agents, including Drs Hyatt, Chang, Moravia, Ligouri, Hall, Johnson, Lubkin, Kirchhoff, Sidwa, John Doe 1, John Doe 2 and Physicians John and Jane Doe 3-12 and 13-20, Nurses John and Jane Doe 1-10 and 11-20, Physician Assistants John and Jane Doe 1-10 and 11-20, Nurse Practitioners John and Jane Doe 1-10 and 11-20, and Professional Corporations John and Jane Doe 1-10 and 11-20 under theories of *respondeat superior*, agency, master-servant, and right of control.

**WHEREFORE,** plaintiff demands judgment against defendants, individually and jointly and severally for damages in excess of local arbitration limits, interest thereon, cost of suit and such other and further relief as the Court may deem equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all counts and all issues raised by this Complaint.

## DESIGNATED TRIAL COUNSEL

Pursuant to Rule 4:25-4, Robert Ross, Esquire and Roberta Golden, Esquire are hereby designated as trial counsel for plaintiff Ashlie White.

## <u>DEMAND FOR DISCOVERY OF INSURANCE COVERAGE</u>

Pursuant to 4:10-2(b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnity or reimburse for payments made to satisfy the judgment.

If so, attach a copy of each or in the alternative, state under oath or certification (a) policy number; (b) name and address of insurer or issuer; (c) inception and expiration date; (d) names and addresses of all persons thereunder; (e) personal injury limits; (f) property damage limits; (g) medical payment limits.

## <u>DEMAND FOR RESPONSES TO DISCOVERY</u>

Pursuant to Rule 4:17, demand is hereby made for responses to Form C and Form C(3) Interrogatories, pertinent to the facts contained in this Complaint.

### <u>NOTICE PURSUANT TO RULES 1:5-1(a) and 4:17-4(c)</u>

**TAKE NOTICE** that the undersigned attorney hereby demands that each party herein serving pleadings and interrogatories and receiving answers  thereto serve copies of all such pleadings and answered interrogatories received from any party upon the undersigned and TAKE NOTICE that this is a continuing demand.

## **CERTIFICATION**

I hereby certify that to my knowledge the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated nor are there any other necessary parties.

ROSS FELLER CASEY, LLP

BY:_____

ROBERT ROSS, ESQUIRE
ROBERTA GOLDEN, ESQUIRE
Attorneys for Plaintiff

Dated:   July 27, 2011

32

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| | |
|---|---|
| PAYMENT TYPE: | CK   CG   CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Roberta A. Golden, Esquire | (215) 574-2000 | Camden |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
|---|---|
| Ross Feller Casey, LLP | L-3655-11 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| One Liberty Place | Civil Action Complaint |
| 1650 Market Street, Suite 3450 | JURY DEMAND |
| Philadelphia, Pa 19103 | ☑ YES   ☐ NO |

FILED
JUL 22 2011
CAMDEN COUNTY SUPERIOR COURT

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Ashlie White | Ashlie White v. Roaslia E. Hyatt, M.D., et al. |

| CASE TYPE NUMBER (See reverse side for listing)   604-Medical Malpractice | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☑ YES  ☐ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|

| RELATED CASES PENDING?  ☐ YES  ☑ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ☑ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE   ☑ UNKNOWN |
|---|---|

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☑ YES  ☐ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) Physician/Patient
☐ FAMILIAL   ☐ BUSINESS |
|---|---|---|

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ☑ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: _____ |
|---|---|

| WILL AN INTERPRETER BE NEEDED?  ☐ YES  ☑ NO | IF YES, FOR WHAT LANGUAGE: |
|---|---|

ATTORNEY SIGNATURE

Revised effective 4/1/05

**SIDE 2**  **CIVIL CASE INFORMATION STATEMENT**
(CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

### Track II — 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

### Track III — 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV — Active Case Management by Individual Judge / 450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

### Mass Tort (Track IV)
| | | | |
|---|---|---|---|
| 240 | REDUX/PHEN-FEN (formerly "DIET DRUG") | 601 | ASBESTOS |
| 248 | CIBA GEIGY | 619 | VIOXX |
| 264 | PPA | | |

999 OTHER (Briefly describe nature of action) _____

_____

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Verbal Threshold     ☐ Putative Class Action     ☐ Title 59