UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASHLIE WHITE, | : |
| Plaintiff, | : HONORABLE JOSEPH E. IRENAS |
| v. | : CIVIL ACTION NO. 12-0081 (JEI/AMD) |
| UNITED STATES OF AMERICA (HAVING SUBSTITUTED FOR CAMCARE HEALTH CORPORATION, ROSALIA E. HYATT, M.D., AND ERIC CHANG, D.O.) *et al.*, | : **ORDER GRANTING DEFENDANT USA'S MOTION TO DISMISS & REMANDING TO THE STATE COURT OF NEW JERSEY, LAW DIVISION, CAMDEN COUNTY** |
| Defendants. | : |

**APPEARANCES**:

ROSS, FELLER & CASEY, LLP
By: Roberta A. Golden
1650 Market Street
One Liberty Place, Suite 3450
Philadelphia, Pennsylvania 19103
        Counsel for Plaintiff

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. ATTORNEY
By: Elizabeth Ann Pascal, Esq.
401 Market Street
P.O. Box 2098
Camden, New Jersey 08101
        Counsel for Defendant United States of America

PARKER MCCAY PA
By: Carolyn R. Sleeper
Jarad Silverstein
7001 Lincoln Drive West
Three Greentree Centre
P.O. Box 974
Marlton, New Jersey 08053
        Counsel for Defendants Moravia, Ligouri, Hall,
        Johnson, Lubkin, Kirchhoff

BUCKLEY THEROUX KLINE & PETRASKE, LLC
By: George H. Cortelyou
932 State Road
Princeton, New Jersey 08540

                Counsel for Defendants Team Health, Inc.,
                Emergency Physician Associates, Inc., and
                Emergency Associates of New Jersey, P.A.

BLUMBERG AND LINDNER, LLC
By: Jay J. Blumberg
158 Delaware Street
P.O. Box 68
Woodbury, New Jersey 08096
                Counsel for Robert Sidwa, D.O.


**IRENAS**, Senior District Judge:

This matter having appeared before the Court upon Defendant United States of America's ("United States") Motion to Dismiss the Complaint as to said Defendant (Dkt No. 8), the Court having considered the party's submission, and it appearing that:

(1) This is a medical malpractice suit brought against all medical staff personnel, and their employers, who allegedly failed to properly diagnose Plaintiff's medical condition. (Complaint at ¶¶ 40-98). The United States substituted for three of the 13 named defendants, Rosalie E. Hyatt, M.D., Eric Chang, D.O., and CAMcare Health Corporation, pursuant to 28 U.S.C. § 2679(d)(1)[1] and 42 U.S.C. § 233(c).[2] Defendant United States

---

[1] 28 U.S.C. 2679(d)(1): Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

[2] CAMCare Helath Inc., is a certified federally supported health center, and therefore Dr. Rosalia Hyatt and Dr. Eric Chang, two its employees, are deemed to be employees of the Untied States pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233.

2

then removed to this Court pursuant to 28 U.S.C. §§ 1346(b)[3] and 1446.

(2) Having so removed, the United States now moves to have Plaintiff's Complaint against it dismissed pursuant to Fed. R. Civ. P. 12(b)(1), arguing that this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust the administrative remedies required under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2675(a).[4] An affidavit accompanying the motion, (Dkt # 8, Ex. 2), supports the United States' argument.[5] Plaintiff did not respond to the Motion.

(3) As the FTCA constitutes a waiver of sovereign immunity, its procedural requirements are strictly construed. *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989). "[T]he requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir.

---

[3] 28 U.S.C. § 1346(b) gives district courts exclusive jurisdiction of civil cases seeking monetary damages against the United States.

[4] The Act reads, in relevant part, "An action shall not be instituted upon a claim against the United States of money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

[5] The affidavit states that an Attorney in the Department of Health and Human Services "caused a search of the Claims Office's database" and "found no record of an administrative tort claim filed by Plaintiff, Ashlie White, or an authorized representative." Declaration of Erica Gibson at 2, Dkt # 8, Ex. 2.

2003).

(4)  It is clear from the Gibson Affidavit and Plaintiff's decision not to respond that Plaintiff failed to present her claim to the Department of Health and Human Services before filing suit.  Such a failure constitutes a jurisdictional defect that prevents this Court from having subject matter jurisdiction over Plaintiff's claim against the United States.  Accordingly, the United States' motion to dismiss is granted.

(5)  Having dismissed the United States as a defendant, this Court is left without any claim over which federal subject matter jurisdiction exists.  Although in certain circumstances a federal court may exert supplemental jurisdiction over a suit in which the claim conferring subject matter is dismissed, *see Growth Horizons, Inc. v. Del. County*, 983 F.2d 1277, 1284-85, (3d Cir. 1993), the Supreme Court has held that if the suit has not yet proceeded to trial the district court should refrain from entertaining the claims alleged therein.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Consequently, the case is remanded to the Superior Court of New Jersey, Law Division, Camden County.


 Accordingly,

**IT IS** on this 1st day of March, 2012,

**ORDERED THAT**:

(1) Defendant United States' Motion to Dismiss (Dkt. No. 8) is **GRANTED**.

(2) The Motion to Dismiss (Dkt. No. 11) filed by Defendants Team Health Inc., Emergency Physician Associates, Inc., and Emergency Care Services of New Jersey, P.A. is **DENIED AS MOOT**.

(3) The Motion to Dismiss (Dkt. No. 13) filed by Defendant Robert Sidwa, D.O., is **DENIED AS MOOT**.

(4) This case is **REMANDED** to the Superior Court of New Jersey, Law Division, Camden County.

(5) The Clerk of the Court shall **CLOSE THIS CASE**.

_____
JOSEPH E. IRENAS, S.U.S.D.J.

5